276

POOR QUALITY ORIGINAL

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION

### STATE OF MICHIGAN

TOD K. HOUTHOOFD,

      Defendant-Petitioner

-vs-

ANDY DILLON, State Treasurer

      Plaintiff.

Case:2:16-cv-10387
Judge: Tarnow, Arthur J.
MJ: Grand, David R.
Filed: 01-22-2016 At 09:01 AM
CMP HOUTHOOFD V. DILLON (NA)

_____/

## CIVIL COVER SHEET LOCAL RULE 3.1

The cause of this action arose in the County of Saginaw.

The lower court number of the 10th Judicial Court is: <u>14-021865-CZ5</u>. The bench trial judge is Darnell Jackson.

The Michigan Court of Appeals number is: <u>321975</u>.

The Court of Appeals bench were judge(s): Karen Fort Hood; Henry Saad; Michael Riordan.

The Michigan Supreme Court number is: <u>152155</u>.

The Michigan Supreme Court bench were judge(s): Robert Young, Jr.; Steven Markman; Brian Zahra; Bridget McCormick; David Viviano; Richard Bernstein; Joan Larsen.

This civil case arose when a protected E.R.I.S.A. account was alienated by the fiduciary without Defendant-Petitioner's knowledge.

Dated: January <u>20</u>, 2016

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION

STATE OF MICHIGAN

TOD K. HOUTHOOFD,

       Defendant-Petitioner

-vs-

ANDY DILLON, State Treasurer

       Plaintiff.

_____/

Case:2:16-cv-10387
Judge: Tarnow, Arthur J.
MJ: Grand, David R.
Filed: 01-22-2016 At 09:01 AM
CMP HOUTHOOFD V. DILLON (NA)

## MOTION TO THE FEDERAL DISTRICT COURT TO REVIEW DEFENDANT-PETITIONER'S ALIENATION OF HIS E.R.I.S.A. 29 USCA 1001 ET SEQ  PROTECTED ACCOUNT AND GRANT SUMMARY JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56 (c).

By:

TOD KEVIN HOUTHOOFD, #596112
In Pro Per
Chippewa Correctional Facility
4269 W. M-80
Kincheloe, Michigan  49784

The cause of this Motion for Consideration by this Honorable Court arose from the action taken by Fidelity Mutual Investment, P.O. Box 770001, Cincinnati, Ohio 45277; and the actions of J. Bruce Kilmer – Regional Director of Region 3 for the State Court Administrative Office (S.C.A.O.); Court Clerk Stephanie Beyersdorf; Family Court Referee Lynda Heathscott and the entire 10th Circuit bench in Saginaw County, Michigan.

Defendant-Petitioner Houthoofd's (Def-Pet) protected E.R.I.S.A. account was transferred to Morgan Stanley/Smith Barney at 2900 West Road, Suite 300, East Lansing, Michigan 48823 without his knowledge.

This was an alienation of an account that Def-Pet had participated in for a period of 15 years through payroll deductions by his employer, General Motors. This money was moved on August 13, 2013.

Def-Pet. was sentenced on September 27, 2012 to prison by the Family Court Referee, Lynda Heathscott. The State Treasurer, Andy Dillon based his civil complaint upon this sentence. This sentence was then vacated by the Michigan Court of Appeals on February 18, 2014. Docket #312977.

A more comprehensive and detailed Overview of Material Facts are contained in paragraphs 1-27 within this Motion and Brief in Support.

There are constitutional violations of Amendments 6, 7 and 14 that need addressing by this Federal Court. Def.-Pet. now moves to remove this civil action from the state courts under the Removal Doctrine 28 USCS 1446. E.R.I.S.A. is such a claim. The Federal Courts have exclusive jurisdiction, 29 USCS sections 1001-1461.

When a Federal Statute (29 USCS 1001 et. seq.) wholly displaces the State cause of

1

action (MCL 800.401 et. seq.) through complete preemption, "the State claim can be removed." <u>Beneficial National Bank v Anderson</u>, 539 US 1, 8; 123 S. Ct. 2058; 156 L. Ed. 2d. 1 (2003). A claim which comes within the scope of that cause of action, "even if pleaded in the terms of state law", is in reality based on Federal law. E.R.I.S.A. is one of these statutes.

Def.-Pet. had to wait until December 27, 2015 to be notified of the Michigan Supreme Court's decision of December 22, 2015, to file this petition under the Removal Doctrine. Filing before being notified would have required Def.-Pet. to speculate as to that ruling before the removal grounds actually existed.

Def.-Pet. prayerfully requests that this Honorable Court find that this removal petition is timely filed under 28 USCS 1446 (b).

Dated:  January 20, 2016                Respectfully submitted,


                                        TOD KEVIN HOUTHOOFD, #596112
                                        Chippewa Correctional Facility
                                        4269 W. M-80
                                        Kincheloe, Michigan  49784

2

## __TABLE OF CONTENTS__

__Page__

Table of Contents …………………………………………………………………………….i

Statement of Jurisdiction …………………………………………………………………..ii

Statement of Questions Presented ………………………………………………………iii

Index of Authorities …………………………………………………………………….iv, v

Overview of Material Facts ……………………………………………………………vi – x

Argument 1 ………………………………………………………………………………….1

Argument 2 ………………………………………………………………………………….2

Argument 3 ………………………………………………………………………………….4

Relief Requested …………………………………………………………………………..7

Appendix Listing Exhibits…………………………………………………………………8

## **STATEMENT OF JURISDICTION**

The United States District Court for the Eastern District, Southern Division of Michigan has jurisdiction over an E.R.I.S.A. claim pursuant to 28 USCA 1331.  This court also enjoys supplemental jurisdiction pursuant to 28 USCA 1367 (a).

ii

## STATEMENT OF QUESTIONS PRESENTED

### Question 1

Is Defendant-Petitioner Houthoofd entitled to Summary Judgment pursuant to Federal Rule of Civil Procedure (56 (c) because his E.R.I.S.A. account was moved involuntarily?

Defendant-Petitioner says:    Yes

### Question 2

Is Defendant-Petitioner Houthoofd entitled to Summary Judgment pursuant to Federal Rule of Civil Procedure 56 (c), because Plaintiff based his complaint upon a sentence that was vacated by the Michigan Court of Appeals on 2-18-2014, Docket #312977?

Defendant-Petitioner says:    Yes

### Question 3

Is Michigan's SCFRA unconstitutional and is therefore preempted by E.R.I.S.A. Summary Judgment under Rules 12(b) and 56(c) should be granted, because a jury trial has been denied, a 7th and 14th Amendments due process violation?

Defendant-Petitioner says:    Yes

iii

# INDEX OF AUTHORITIES

**Page #**

Beneficial Nat. Bank v Anderson, 539 US 1; 123 S. Ct. 2058; 156 L. Ed. 2d.1 (2003)   2-Motion

Booth v U.S., 291 339; 54 S. Ct. 379; 78 L. Ed. 836 (1934) …………………………………..3

Celotex Corp. v Catreet, 477 US 317; 106 S. Ct. 2548; 91 L. Ed. 2d. 265 (1986)…………… 3

Ells v Rector, 32 Mich 379 (1875) Lexis 203 …………………………………………… … 3

Firestone Tire v Brunch, 489 US 101; 109 S. Ct. 948; 103 L. Ed. 2d. 782 (1990)………. ……1

Guidry v Sheet Metal Workers Inter. Assc., 493 US 365; 110 S. Ct. 680; 107
    L. Ed. 2d. 782 (1990)…………………………………………………………............1

Hicks v Oklahoma, 447 US 343; 100 S. Ct. 2227; 65 L. Ed. 2d. 175 (1980)…………………...5

Kostrzewa v City of Troy, 247 F. 3d. 633 (6th Cir. 2001)………………………………………2

Lonchar v Thomas, 517 US 314; 116 S. Ct. 1293; 134 L. Ed. 2d. 440 (1996)………………….3

Matsushita Elec. Ind. Co. v Zenith Radio Co., 475 US 574; 106 S. Ct. 1348; 89 L. Ed. 2d.
    538 (1986)……………………………………………………………………………….4

McKinstry v Valley, 428 Mich 167; 405 NW2d. 88 (1987)……………………………………..6

Ramsey v Formica, 398 F. 3d. 421, 424 (6th Cir. 2005)………………………………………4

Roberts v Baugh, 986 F. Supp. 1074 (1997 ED Mich)…………………………………………2

US v Articles of Device, 527 F. 2d. 1008 (6th Cir. 1975)………………………………………3

US v Cox, 593 F. 2d. 46 (6th Cir. 1979)……………………………………………………….3


**Federal Rules of Civil Procedure**

12(b)…………………………………………………………………………………iii,2,4

38………………………………………………………………………………………….6

56(c)  ……………………………………………………………………………iii,2, 3, 4

## INDEX OF AUTHORITIES (Con't)

Page

**US Constitution**

USCA 1331…………………………………………………………………………ii

28 USCA 1367(a)………………………………………………………………ii

28 USCS 1446……………………………………………………………… …..1 Motion

28 USCS 1446(b)…………………………………………………………2 Motion

29 USCS 1001-1461……………………………………………………...1 Motion

Amendment 6………………………………………………………………4, 7

Amendment 7…………………………………………………1 Motion, iii,4,5,6,7

Amendment 14………………………………………………1 Motion, iii,4, 6

**Michigan Statute**

SCFRA MCL 800.401 et seq……………………………………     2 Motion, 6, 7

**Michigan Court Rule**

MCR 2.508 …………………………………………………………………5

**Michigan Constitution 1963**

art. 1 sec. 14………………………………………………………………5

art. 6 sec. 12………………………………………………………………3

v

## OVERVIEW OF MATERIAL FACTS

1. 12-2-2010 - The Michigan Court of Appeals ordered Defendant Houthoofd's sentence for the Solicitation to Commit Murder conviction to be remanded for resentencing to the Saginaw 10th Circuit Court.  Unpublished Opinion, Docket No. 269505.

2. 1-31-2011 -   Circuit Court Judge Janet M. Boes signed an order of disqualification in Case No. 05-025865-FH-3.

3. 2-8-2011 - Court Clerk Stephanie Beyersdorf "filled-in" the Honorable Judge Lynda Heathscott's name on a request for assignment form where this form clearly states, "do not fill in a name if this is a disqualification case."  She then submitted this form to Regional Director J. Bruce Kilmer.

4. 5-1-2008 - Judge Heathscott had previously submitted her letter of resignation to J. Bruce Kilmer, and promptly went to work for another governmental agency as the 10th Circuit Court Referee.

5. 2-8-2011 – J. Bruce Kilmer authorized the S.C.A.O. assignment of Lynda L. Heathscott, when there had been no Judge Heathscott for more than five (5) years due to her abandonment of office.   This was assignment No. 1131018.   Upon the face of this S.C.A.O. form it states, "under the provisions of the Michigan Constitution 1963, art. 6 sec. 4, as amended, you are assigned to serve as Judge of the:  10th Circuit court."  This constitutional amendment does not allow for the assignment of a resigned judge, it only allows for assignment of a retired judge.

6. 3-9-2011 – Chief Judge Pro Tem, Fred L. Borchard, through internal reassignment had stated, "Judge Lynda Heathscott has been chosen by lot or local administrative order

from the judges not disqualified in this case." Again at that time there was <u>no</u> Judge
Heathscott; only Referee Heathscott.

7. Defendant had hired counsel to fight this unconstitutional promotion of a family court
referee to judgeship by J. Bruce Kilmer, Stephanie Beyersdorf and Judge Borchard. This
type of authority is reserved only for the Governor by statute MCL 168.424 and by Mich.
Const. 1963, art. 3 sec. 2.

8. 3-9-2011 through 9-27-2012 – For a period of 18 months, family court referee Lynda L.
Heathscott impersonated a judge and sentenced Defendant to 40-60 years in prison. <u>This
was the sentence that the State Treasurer and Attorney General based their complaint on
under the S.C.F.R.A. provisions of MCL 800.401 et seq., on January 9, 2014.</u>

9. 3-11-2013 – Defendant filed with the Attorney Grievance Commission, complaint(s)
against Attorney Lynda Heathscott, Case No(s). 13-MM-0243 and 0297-15. The latter
case number 0297-15 is still active. Defendant also filed against Attorney J. Bruce
Kilmer. Case No. 0532-13.

10. This illegal promotion had to have been known by all of the 10th Circuit Court judges; all
of whom chose to stand silently by and allow this crime of impersonation of a judge by
Attorney Heathscott, who was employed as a family court referee. All of these judges
had a duty to preserve the integrity of the court and report this pursuant to MCR 8.1 and
8.3 This at the very least, was a violation of the incompatible office statute MCL 15.182
to be both a judge and a referee. Pursuant to MCL 712.10 and the decision of <u>In Re
Amb,</u> 248 Mich App 144 (2002) a hearings referee cannot enter an order of any kind, let
alone sentence someone to prison.

11. 01-9-2014 – On this date the State Treasurer, by and thru the Attorney General's Office filed a complaint in the Saginaw County 10th Circuit Court.  Case No. 14-021865-CZ5. This complaint was filed as a result of the sentence that Defendant received from Referee Heathscott on September 27, 2012.  This complaint was filed in pursuant to MCL 800.401 et seq.

12. 01-23-2014 – Judge Darnell Jackson issues an order to:   SHOW CAUSE AND EXPARTE ORDER APPOINTING RECEIVER AND FREEZING ASSETS.  Judge Jackson issued an Order to Defendant that was different in content, wording and burden of proof.  "Wite-Out" was then applied to the order placed into the official court record. Defendant had briefed this Obstruction of Justice crime to both the Court of Appeals and the Michigan Supreme Court and provided the exhibits to support his allegations.

13. 02-18-2014 – The Michigan Court of Appeals vacated Defendant's sentence imposed by Referee Heathscott.  This was the sentence that the Attorney General based his complaint upon; and now that sentence was eliminated.  Unpublished per curiam.  Docket No. 312977.

14. 02-28-2014 – Defendant Houthoofd filed his answer to the complaint.

15. 04-16-2014 – A scheduling order for a jury trial was sent by Judge Jackson giving 120 days to comply to the Order.

16. 05-01-2014 – Defendant Houthoofd sends his list of 19 witnesses to be called at trial.

17. 05-12-2014 - Judge Jackson denied Defendant a jury trial; held a bench trial and found in favor of the State Treasurer.  This was in direct violation of MCR 2.508; Michigan Const. 1963, art. 1 sec. 14; and to the United States Constitution Amendment 7.

viii

18. 07-22-2014 – Defendant appeals to the Michigan Court of Appeals the decision of Judge Jackson.

19. 08-25-2014 – The Attorney General files his answer to Defendant's Brief.  The attorney general did not respond to the 7 issues raised by the Defendant.

20. 09-08-2014 – Defendant files his reply brief to the brief of the State Treasurer.

21. 06-16-2015 – Defendant filed a Motion to Stay the Proceeding in the Michigan Court of Appeals.

22. 06-30-2015 – The State Treasurer files his motion in opposition to the Stay of Proceedings.

23. 06-30-2015 – The Court of Appeals Denies the Stay of Proceedings.

24. 07-16-2015 – The Michigan Court of Appeals rules in favor of the State Treasurer. Unpublished per curiam, Docket No. 321975.  This panel did not address how a resigned judge, now a family court referee could be promoted back into judgeship to pass sentence on which the State Treasurer based his claim.  This panel referred to referee Heathscott as a retired judge when her letter of resignation was before them.   Therefore the Constitutional violation was not addressed.

25. 08-12-2015 – Defendant files for Leave to Appeal in the Michigan Supreme Court. Docket No. 152155.

26. 09-29-2015 – Defendant files a Motion for Summary Judgment in the Michigan Supreme Court.  Highlighting that the sentence he received on 9/27/2012 was vacated by the Michigan Court of Appeals on 2-18-2014.  There is no case or controversy now regarding the State Treasurer's complaint he filed on 1-9-2014.  Defendant put emphasis on the fact

ix

that <u>without his knowledge</u> the Fiduciary; Fidelity Mutual, transferred a protected

E.R.I.S.A. account in July 2013 into a Personal Savings Plan account.   This lack of

knowledge violated Defendant's due process.

27. 12-22-2015 – The Michigan Supreme Court Denied Defendant's Leave to Appeal and the

Motion for Summary Judgment.

x

## ARGUMENT I

Defendant-Petitioner Houthoofd is entitled to Summary Judgment pursuant to Federal Rule of Civil Procedure 56 (c), because his E.R.I.S.A. account was moved involuntarily.

## STANDARD OF REVIEW

A Motion for Summary Judgment is reviewed De Novo. Roberts v Baugh, 986 F. Supp. 1074 (1997 ED. Mich). Issues involving E.R.I.S.A. 29 USC sec. 1001 et seq require de novo review. Firestone Tire v Brunch, 489 US 101; 109 S Ct 948; 103 L. Ed. 2d. 782 (1990).

## ANALYSIS

On August 13, 2013, Fidelity Mutual closed Houthoofd's E.R.I.S.A. account and sent it to Morgan Stanley/Smith Barney. The original account was through his employer, General Motors by weekly payroll deductions. Houthoofd's account was closed and moved without his knowledge.

Houthoofd agrees that once pension benefits are placed in a personal account, E.R.I.S.A. no longer operates to protect those funds. **HOWEVER**, in this case Houthoofd did not voluntarily deposit his pension funds into a personal IRA account. The U.S. Supreme Court has held that the involuntary transfer of E.R.I.S.A. benefits is prohibited under the anti-alienation clause. Guidry v Sheet Metal Workers Inter. Assc., 493 US 365; 110 S. Ct. 680; 107 L. Ed. 2d. 782 (1990).

Because E.R.I.S.A. does not permit an involuntary assignment Plaintiff's request for reimbursement under the State's SCFRA statute MCL 800.401 et seq. , violates E.R.I.S.A. and is therefore preempted.

1

In the absence of congressional direction, the Federal Courts have refused to craft a public policy exemption to E.R.I.S.A. Therefore, Plaintiff's state law reimbursement claim under SCFRA violates E.R.I.S.A. and is thereby preempted. There being no genuine issue of material fact, Defendant is entitled to Summary Judgment. Roberts v Baugh, supra.


## ARGUMENT II

Defendant-Petitioner Houthoofd is entitled to Summary Judgment pursuant to Federal Rule of Civil Procedure 56 (c), because Plaintiff based his complaint upon a sentence that was vacated by the Michigan Court of Appeals on 2-18-2014, Docket No. 312977.


## STANDARD OF REVIEW

A Federal Court reviews De Novo a party's Motion for Summary Judgment. Kostrzewa v City of Troy, 247 F. 3d. 633 (6th Cir. 2001).


## ANALYSIS

Pursuant to the Federal Rules of Civil Procedure, Rule 12(b) and Rule 56 (c) these provide that Summary Judgment shall be granted if the Defendant-Plaintiff's pleadings now show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Under Rule 56(c), the moving party for Summary Judgment bears the burden of clearly establishing the non-existence of any genuine issue of fact material to a judgment in his favor.

2

US v Articles of Device, 527 F. 2d. 1008 (6th Cir. 1975) by pointing out to the district court, that there is an absence of evidence to support the Plaintiff's (non-moving parties) case. Celotex Corp. v Catrett, 477 US 317; 106 S. Ct. 2548; 91 L. Ed. 2d. 265 (1986).

In the case before the district court; STATE TREASURER v Houthoofd, the complaint was based upon an illegal judicial assignment by J. Bruce Kilmer on 2-8-2011, assignment no. 1131018. This illegal judicial assignment was then compounded by Chief Judge Pro. Tem. Fred L. Borchard through internal reassignment on 3-9-2011.

On these date(s) supra, there was no Judge Heathscott. Judge Heathscott had abandoned her office by her resignation letter(s) to J. Bruce Kilmer, Gov. Jennifer Granholm and the Secretary of State. Her letter is dated April 4, 2008, resignation effective May 1, 2008. Resignation of a judge under Michigan Law is governed by statute MCL 168.421. The 6th Circuit Court has ruled that under Michigan Law, "statutes are to be strictly construed." U.S. v Cox, 593 F. 2d. 46 (6th Cir. 1979). She did not have the authority to impersonate a judge. Her resignation prompted Gov. Jennifer Granholm to appoint Janet Boes as judge.

Under Michigan Law, a finding of facts (the 9-27-2012 resentencing) made by a judge who has resigned, is a nullity. Ells v Rector, 32 Mich 379 (1875) Lexis 203 Mich Constitution art. 6 sec 12.

Under Federal Law, "To resign an office is to give it up." Booth v U.S., 291 U.S. 339; 54 S. Ct. 379; 78 L. Ed. 836 (1934).

The United States Supreme Court has decided that all courts of law must be governed by rules and precedents. Lonchar v Thomas, 517 U.S. 314; 116 S. Ct. 1293; 134 L. Ed. 2d. 440 (1996).

3

Michigan's one court of justice will not address this 6th Amendment violation that has allowed the whole Saginaw 10th Circuit Court to allow a judge impersonator to pass a prison sentence on which the STATE TREASURER has based his complaint under SCFRA.

The State Treasurer's complaint must fail because all pleadings filed by the Attorney General are based upon Defendant-Petitioner's sentence he received on 9-27-2012 and now that sentence has been vacated, because of the illegality of that assignment.

Pursuant to Rule 56 (c), Summary Judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Matsushita Elec. Ind. Co, v Zenith Radio Co., 475 U.S. 574; 106 S. Ct. 1348; 89 L. Ed. 2d. 538 (1986).

### ARGUMENT III

Michigan's SCFRA is unconstitutional and is therefore preempted by E.R.I.S.A. Summary Judgment under Rule 12(b) and 56(c) should be granted. Because a jury trial has been denied, a 7th and 14th Amendment(s) due process violation.

### STANDARD OF REVIEW

Whether E.R.I.S.A. preempts a state law is a question of law and is therefore reviewed de novo. Ramsey v Formica, 398 F. 3d. 421, 424 (6th Cir. 2005).

### ANALYSIS

After the State Treasurer's complaint was filed by the State Attorney General's Office, Judge Darnell Jackson issued an Order to Show Cause and ExParte Order Appointing Receiver

4

and Freezing Assets; that were different in content, wording and burden of proof.

Judge Jackson then issued a scheduling order on 4-16-2014 for a jury trial, in which Def-Pet. answered on 5-2-2014.  Def-Pet. placed Judge Jackson's name at the top of the witness list, of the 19 persons he was going to call in front of the jury to show how his E.R.I.S.A. account had been alienated by the Fiduciary, Fidelity Mutual, without his knowledge.

Def.-Pet. Houthoofd was planning to ask Judge Jackson why, "Wite-Out was used to alter the order of January 23, 2014?"

Judge Jackson on May 12, 2014 ruled that Def.-Pet. Houthoofd was not going to get a jury trial; at page 8.

Def.-Pet. appealed to the Michigan Court of Appeals on July 22, 2014 and this panel of judges ruled on July 16, 2015.  Docket No. 321975, at pages 3-6, "that SCFRA prevents a jury trial."  This jury trial demand was preserved, at pages 14-15.

The United States Supreme Court has held that a state Defendant has a Federal due process right not to be deprived of his liberty or possessions except in accordance with the laws of the State.  Hicks v Oklahoma, 447 US 343; 100 S. Ct. 2227; 65 L. Ed. 2d. 175 (1980).

Under the 7th Amendment to the United States Constitution, a Defendant has a right not to lose property valued over $20.00 without being able to request a jury trial.

> "In suits at common law, where the value in controversy shall
> exceed twenty dollars, ($20.00), the right by jury shall be
> preserved.  Amendment 7."

Under Michigan's Constitution 1963, art 1 sec. 14, there is a right to a jury trial that is fundamental and  may not be denied or whittled away by statute.  This is also a right under Michigan's Court Rule MCR 2.508.

5

On July 16, 2015, the Michigan Court of Appeals <u>abrogated</u> the Common law, U.S. Const.; Mich Const. 1963; and the Court Rule by providing the Plaintiff's attorney an argument/defense under MCL 800.401 et seq, that the assistant attorney general did not even brief. This panel searched for the authority to support the State Treasurer's bid to take an E.R.I.S.A. account that was alienated by the Fiduciary.

The Assistant Attorney General filed this case under civil procedures. He did not file this case as an "equitable action". Both appellate Courts, the Court of Appeals and the Michigan Supreme Court demanded a $375 filing fee in the civil action, not equitable action.

In Michigan, the right to a jury trial in a civil action is permissive, not absolute, <u>unless</u> demanded by one of the parties in the matter. <u>McKinstry v Valley</u>, 428 Mich 167, 183; 405 NW2d.88 (1987).

Def.-Pet. can clearly demonstrate that he demanded a jury trial on 5-2-2014; 5-12-2014 and on 8-12-2015. The SCFRA statutes clearly violate the 7th and 14th Constitutional Amendments.

Def.-Pet. Houthoofd prayfully asks this Court to find that the USCS Federal Rule of Civil Procedure Rule 38, supports his right to a trial by jury as declared by the 7th Amendment or as provided by a Federal statute is preserved to him inviolate.

6

## RELIEF REQUESTED

Defendant-Petitioner Houthoofd prayerfully requests that this Honorable Court provide the relief requested and any other equitable relief that this Court may deem appropriate.

1. Find that the STATE TREASURER'S complaint was based upon an illegal sentence pursuant to the 6th Amendment by a family court referee.

2. Find that there exists no case or controversy when the complaint was based upon a sentence that was vacated by the Michigan Court of Appeals.

3. Find that the statute MCL 800.401 et seq (SCFRA) as applied by the Michigan Court of Appeals violated Def.-Pet.'s 7th Amendment right to a jury trial.

4. Find that Def.-Pet's. E.R.I.S.A. protected account was alienated by the Fiduciary, Fidelity Mutual.

5. Find that the doctrine of Res Judicata prevents the State Treasurer to refile pursuant to SCFRA.

6. Order the State to unfreeze Def.-Pet's. account held by Edward Jones.

7. Order the State to reimburse monies lost by the illegal actions of the State under color of law.

8. Appoint Def.-Pet. an attorney if a jury trial is needed.

Defendant-Petitioner thanks this Court for its fair consideration.

Dated:  January 20, 2016             Respectfully submitted,

_Tod Houthoofd_
TOD KEVIN HOUTHOOFD, #596112
In Pro Per
Chippewa Correctional Facility
4269 W. M-80
Kincheloe, Michigan  49784

7

## **APPENDIX LISTING EXHIBITS**

**Exhibit 1 -**   01-09-2014 -   Civil Complaint 14-021865-CZ5 filed.

**Exhibit 2 -**   07-22-2014 -   Def-App Brief and Exhibits filed.   See Table of Exhibits for its contents.

**Exhibit 3 -**   08-25-2014 -   Brief of Appellee State Treasurer.

**Exhibit 4 -**   09-08-2014 -   Appellant's Reply Brief.

**Exhibit 5 -**   08-12-2015 -   In Pro Per Application for Leave to Appeal.   See Table of Exhibits for its contents.

**Exhibit 6 -**   09-29-2015     In Pro Per Motion for Summary Judgment.

**Exhibit 7 -**   12-22-2015     Michigan Supreme Court Order 152155 and (49) Denying Leave to Appeal and Summary Judgment.

# EXHIBIT 1

## STATE OF MICHIGAN
## CIRCUIT COURT FOR THE 10th JUDICIAL CIRCUIT
## SAGINAW COUNTY

STATE TREASURER,

              Plaintiff,

v

TOD HOUTHOOFD, #596112,
EDWARD JONES,

              Defendants.

_____/

No. 14- *03186*-CZ *5*

HON. *Darnell Jackson*

*P 34737*

| | |
|---|---|
| Moe Freedman (P74224)<br>Attorney for Plaintiff<br>Michigan Department of Attorney General<br>Cadillac Place<br>3030 W. Grand Blvd., Ste. 10-200<br>Detroit, MI  48202<br>(313) 456-0140<br>(313) 456-0141-Fax | Tod Houthoofd, #596112<br>Defendant – In Pro Per<br>Thumb Correctional Facility<br>3225 John Conley Drive<br>Lapeer, MI 48446 |

Edward Jones
Defendant
Attn: Court Order Team, 6th Floor
130 Edward Jones Blvd
Maryland Heights, MO
(800) 222-5852
(816) 218-2201 -Fax

A TRUE COPY

Susan Kaltenbach, Clerk

_____/

**There is no other pending or resolved civil action arising out of the
transaction or occurrence alleged in this complaint.**

## COMPLAINT

Plaintiff, STATE TREASURER, by and through his attorneys, Bill Schuette, Attorney General and Moe Freedman, Assistant Attorney General, in support of his Complaint, states as follows:

1.     Plaintiff is the head of the Michigan Department of Treasury with responsibility for the collection of monies, claims and accounts due to the State of Michigan or any department or agency thereof.

2.     The Michigan Department of Corrections is a department of the State of Michigan.

3.     The Defendant, Tod Houthoofd ("Defendant") is a state prisoner housed at the Thumb Correctional Facility, 3225 John Conley Drive, Lapeer, MI 48446 and is subject to the continuing jurisdiction of the Michigan Department of Corrections, having been sentenced to its jurisdiction on September 27, 2012 by a Saginaw County Circuit Court Judge.

4.     This action is brought pursuant to the *State Correctional Facility Reimbursement Act* ("SCFRA"), MCL 800.401 *et seq.*; as amended, which provides procedures for securing reimbursement to the state for Defendant's cost of care while incarcerated. Plaintiff is hereby seeking 90% of his assets for partial reimbursement of his cost of care, pursuant to MCL 800.403(3).

5.     Plaintiff has information and believes that Defendant has an IRA account with Defendant Edward Jones Account No. xxxxxx23-1-9, SS No. 9361.

6.     That pursuant to the provisions of MCL 800.404a(2), "To protect and maintain assets pending resolution of an action under this Act, the court, upon request,

2

may appoint a receiver." (See also *Treasury Dep't v Turner*, 110 Mich App 228; 312 NW2d 418 (1981)).

7.     Defendant Edward Jones. is a fit and proper entity to be appointed as receiver over the IRA account, Account No. XXXXXX23-1-9, SS No. 9361, owned by Defendant.  Receivership is for the sole purpose of placing a hold (freeze) on the account until further Order of this Court.

8.     The warden of the State correctional facility where Defendant is confined, and the warden of any future correctional facility where he may be transferred, is a fit and proper person to place a hold (freeze) over his prison account until further Order of this Court.

9.     Plaintiff will suffer immediate and irreparable injury, loss, or damage unless a hold (freeze) is placed over the assets of Defendant as extensive experience with prisoners in state correctional facilities has shown that such persons rarely have assets to reimburse the State for the cost of incarceration, that such assets have generally been removed beyond the reach of Plaintiff upon notice of suit, and that the State has no other recourse other than the assets which are the subject mater of this suit.  Because SCFRA is an *in rem* proceeding, the State will have no legal remedy unless the Court places a hold (freeze) over the assets of Defendant to prevent them from being transferred or disposed of pending the outcome of this action.

10.     The State of Michigan has expended a sum of money for the cost of Defendant's care while in prison.  Furthermore, the State will continue to expend money during the entire period he is confined in a state correctional facility.

3

11.    An affidavit establishing the cost of Defendant's current incarceration and the cost of future incarceration beyond his earliest possible release date will be filed with the Court at, or before, the Show Cause hearing.[1]

12.    Defendant, Tod Houthoofd ahould be ordered to provide  a full and complete accounting of all of Defendant's assets, including financial account locations, balances, account numbers, addresses, legal descriptions and valuations of any real estate holdings as required by MCL 800.403a, which provides:

> Sec. 3a (1) A prisoner shally fully cooperate with the state by providing complete financial information for purposes under this act.

13.    Plaintiff is unaware of any other assets belonging to or possessed by Defendant other than those mentioned above.

WHEREFORE, Plaintiff respectfully prays that:

(a)    This Court order Defendant Tod Houthoofd to provide a full and complete accounting of all of Defendant's assets, including financial account locations, balances, account numbers, addresses, legal descriptions and valuations if any real estate holdings as required by MCL 800.403a.

(b)    This Court appoint Defendant Edward Jones as receiver over Defendant's IRA account, Account No. XXXXXX23-1-9, SS No. 9361.  Receivership is for the sole purpose of placing a hold (freeze) over the account until further Order of this Court.

(c)    This Court order Defendant, Edward Jones to send 90% of any monetary assets it holds on deposit belonging to Defendant to the State of Michigan as reimbursement for his cost of incarceration.

---

[1] See MCL 800.406(2).

4

(d)    This Court order the warden of the State correctional facility where Defendant is confined, and the warden of any future correctional facility where he may be transferred to place a hold (freeze) over his prison account until further Order of this Court.

(e)    This Court enter an order reimbursing the State for expenses incurred in caring for Defendant while he is incarcerated in a State correctional facility.

Respectfully submitted,

Bill Schuette
Attorney General

Moe Freedman (P74224)
Assistant Attorney General
Cadillac Place
3030 W. Grand Blvd., Ste. 10-200
Detroit, MI  48202
(313) 456-0140

Dated: January 9, 2014

STATE OF MICHIGAN
CIRCUIT COURT FOR THE 10th JUDICIAL CIRCUIT
SAGINAW COUNTY

STATE TREASURER,

                Plaintiff,

v

TOD HOUTHOOFD, #596112, AND
EDWARD JONES,

                Defendants.

No. 14-

HON.

Moe Freedman (P74224)
Attorney for Plaintiff
Michigan Department of Attorney General
Cadillac Place
3030 W. Grand Blvd., Ste. 10-200
Detroit, MI 48202
(313) 456-0140
(313) 456-0141-Fax

Edward Jones
Defendant
Attn: Court Order Team, 6th Floor
130 Edward Jones Blvd
Maryland Heights, MO
(800) 222-5852
(816) 218-2201 -Fax

Tod Houthoofd, #596112
Defendant – In Pro Per
Thumb Correctional Facility
3225 John Conley Drive
Lapeer, MI 48446

A TRUE COPY

Susan Kaltenbach, Clerk

## MOTION FOR ORDER TO SHOW CAUSE AND EX PARTE
## ORDER APPOINTING RECEIVER AND FREEZING ASSETS

    Plaintiff, STATE TREASURER, by and through his attorneys, Bill Schuette,

Attorney General and Moe Freedman, Assistant Attorney General, and in support

of his Motion for Order to Show Cause and Ex Parte Order Appointing Receiver and

Freezing Assets, states as follows:

1.     This action was commenced to recover the cost to the State of Michigan of the incarceration of Defendant Tod Houthoofd, #596112, pursuant to the *State Correctional Facility Reimbursement Act* ("SCFRA"), MCL 800.401 *et seq.*, as amended. (See Complaint, hereby incorporated by reference)

2.     Pursuant to the provisions of MCL 800.404a(2), "To protect and maintain assets pending resolution of an action under this Act, the court, upon request, may appoint a receiver."

3.     Plaintiff believes the appointment of a receiver is necessary to preserve the assets of Defendant Tod Houthoofd.

4.     Plaintiff has information and believes that Defendant has an IRA account with Defendant Edward Jones, Account No. XXXXXX23-1-9, SS No. 9361.

5.     Defendant Edward Jones is a fit and proper entity to be appointed as receiver over the IRA account, Account No. XXXXXX23-1-9 owned by Defendant. Receivership is for the sole purpose of placing a hold (freeze) on this account until further Order of this Court.

6.     Plaintiff will suffer immediate and irreparable injury, loss, or damage unless a hold (freeze) is placed over the assets of Defendant as extensive experience with prisoner in state correctional facilities has shown that such persons rarely have assets to reimburse the state for the cost of incarceration, that such assets have generally been removed beyond the reach of Plaintiff upon notice of suit, and that the State has no other recourse other than the assets which are the subject matter of this case. Due to the *in rem* nature of SCFRA proceedings, Plaintiff will

1.     This action was commenced to recover the cost to the State of Michigan
of the incarceration of Defendant Tod Houthoofd, #596112, pursuant to the *State
Correctional Facility Reimbursement Act* ("SCFRA"), MCL 800.401 *et seq.*, as
amended. (See Complaint, hereby incorporated by reference)

2.     That pursuant to the provisions of MCL 800.404a(2), "To protect and
maintain assets pending resolution of an action under this Act, the court, upon
request, may appoint a receiver."

3.     That Plaintiff believes the appointment of a receiver is necessary to
preserve the assets of Defendant Tod Houthoofd.

4.     Plaintiff has information and believes that Defendant has an IRA
account with Defendant Edward Jones, Account No. XXXXXX23-1-9, SS No. 9361.

5.     Defendant Edward Jones is a fit and proper entity to be appointed as
receiver over the IRA account, Account No. XXXXXX23-1-9 owned by Defendant.
Receivership is for the sole purpose of placing a hold (freeze) on this account until
further Order of this Court.

6.     Plaintiff will suffer immediate and irreparable injury, loss, or damage
unless a hold (freeze) is placed over the assets of Defendant as extensive experience
with prisoner in state correctional facilities has shown that such persons rarely
have assets to reimburse the state for the cost of incarceration, that such assets
have generally been removed beyond the reach of Plaintiff upon notice of suit, and
that the State has no other recourse other than the assets which are the subject
matter of this case. Due to the *in rem* nature of SCFRA proceedings, Plaintiff will

have no legal remedy absent a hold (freeze) to prevent the assets from being transferred or disposed of pending the outcome of this action.

7.     The warden of the State correctional facility where Defendant is confined and the warden of any future correctional facility where he may be transferred, is a fit and proper person to place a hold (freeze) over his prison account until further Order of this Court.

WHEREFORE, Plaintiff respectfully prays that:

(a)     An Order to Show Cause be issued by this Honorable Court directing Defendant Tod Houthoofd to show cause why an Order should not be entered appropriating and applying his assets toward reimbursing the State for expenses incurred, and to be incurred, by the State for the cost of care of Defendant Tod Houthoofd.

(b)     Defendant Tod Houthoofd shall be ordered to provide a full and complete accounting of all of Defendant's assets, including financial account locations, balances, account numbers, addresses, legal descriptions and valuations of any real estate holdings as required by MCL 800.403a.

(c)     This Court enter an Order appointing Defendant Edward Jones receiver over the IRA account belonging to Defendant Tod Houthoofd, Account No. XXXXXX23-1-9, SS No. 9361.  Receivership is for the sole purpose of placing a hold (freeze) over all monetary assets pending further Order of this Court.

(d)     This Court order the warden (or successor if Defendant is transferred) to place a hold (freeze) over the monetary assets on deposit in his prison account until further Order of the Court.

3

(e)     This Court enter an Order reimbursing the State for expenses incurred and to be incurred for the cost of care of Defendant Tod Houthoofd in the amount of 90% of his assets (not to exceed the actual total costs of his incarceration), pursuant to MCL 800.403(3).

Respectfully submitted,

BILL SCHUETTE
Attorney General

Moe Freedman (P74224)
Assistant Attorney General
Cadillac Place
3030 West Grand Blvd., Suite 10-200
Detroit, MI 48202
(313) 456-0140

Dated:  January 9, 2014

4

## **AFFIDAVIT**

STATE OF MICHIGAN)
                   ) ss
COUNTY OF WAYNE)

    Moe Freedman, being duly sworn, deposes and says that the foregoing is true to the best of his knowledge, information and belief.


                                        Moe Freedman (P63153)
                                        Assistant Attorney General

Subscribed and sworn to before
me on January 9, 2014.

Gabrielle A. Zoldos, Notary Public
Oakland County, Michigan acting in Wayne County, Michigan
My commission expires: 7/14/2018

5

# EXHIBIT 2

which the Court wishes additional legal argument or presentation of facts, the Court shall dismiss the Order to Show Cause and order any such pleadings or hearings as the Court deems appropriate, including the appointment of one or more receivers to hold the assets at issue. The case shall be placed upon the Court's regular docket.

6.     The warden of the correctional facility or any subsequent correctional facility to which Defendant is transferred is ordered to place a hold (freeze) on his prison account, **except that he may use up to $25.00 per month for purchase of personal items, pending further Order of this Court.**

7.     Defendant Edward Jones is appointed receiver and it is ordered to place a hold (freeze) over the IRA account belonging to Defendant Tod Houthoofd's, Account No. XXXXXX23-1-9. Receivership is for the sole purpose of placing a hold (freeze) over all monetary assets pending further Order of this Court.

8.     Defendant Tod Houthoofd is ordered to provide a full and complete accounting of all of Defendant's assets, including financial account lcoations, balances, account numbers, addresses, legal descriptions and valuations of any real estate holdings as required by MCL 800.403a.

9.     This Order shall take precedence over any other order or statutory direction for disbursement of this inmate's asset.

Date: January 23, 2014

Hon.
Saginaw County Circuit Court Judge
Darnell Jackson
(P34737)

3

STATE OF MICHIGAN
CIRCUIT COURT FOR THE 10th JUDICIAL CIRCUIT
SAGINAW COUNTY

STATE TREASURER,

        Plaintiff,

v

TOD HOUTHOOFD, #596112,
AND EDWARD JONES,

        Defendants.

No. 14-_____CZ

HON. _____

---

Moe Freedman (P74224)
Attorney for Plaintiff
Michigan Department of Attorney General
Cadillac Place
3030 W. Grand Blvd., Ste. 10-200
Detroit, MI 48202
(313) 456-0140
(313) 456-0141-Fax

Edward Jones
Defendant
Attn: Court Order Team, 6th Floor
130 Edward Jones Blvd
Maryland Heights, MO
(800) 222-5852
(816) 218-2201 -Fax

Tod Houthoofd, #596112
Defendant – In Pro Per
Thumb Correctional Facility
3225 John Conley Drive
Lapeer, MI 48446

A TRUE COPY
Susan Kaltenbach, Clerk

---

ORDER TO SHOW CAUSE AND EX PARTE ORDER
APPOINTING RECEIVER AND FREEZING ASSETS

At a session of said Court, held in the City of Saginaw,
Saginaw County, Michigan on _____1-23-_____, 2014.

PRESENT: Hon. _____Darnell Jackson_____
                (P34737)
                Circuit Court Judge

# POOR QUALITY ORIGINAL

Plaintiff having requested an Order to Show Cause and Ex Parte Order Appointing

Receiver and Freezing Assets.

IT IS ORDERED THAT:

1.     Defendants may appear on or otherwise respond prior to March 10, 2014, at $10:00$ A.M.

a.m/p.m. before the Honorable _____Darren Jackson_____ (P34737)_____, Circuit Court Judge,

and show cause why an Order should not be entered appropriating and applying Defendant Tod

Houthoofd's assets to reimburse the State of Michigan for the cost of his confinement in a state

correctional facility.

2.     This Order shall be served on Defendant at least 30 days prior to the hearing set

forth above.

3.     If Defendant objects to the State's claim to 90% of his assets, then before the

scheduled hearing date he shall provide this court and the Attorney General's office with a

written response explaining the reasons for the objection. If he is not represented by counsel this

response need not comply with the formal requirements of an Answer to the Complaint. An

unrepresented Defendant may also request an opportunity to participate in any court hearing and

the Court shall then exercise its discretion to determine the best method in which to accomplish

this (including, but not limited to, a hearing on briefs alone, a telephone conference, or the

execution of a writ to require Defendant's presence in person).

4.     If at, or after, the time set for the above hearing the Court finds that Defendant

has failed to respond or that his response fails to show cause why the State

should not be granted the relief it has requested, the Court may issue a Final Order disbursing the

assets and dismissing this case.

5.     If the Court finds that Defendant's response does show cause why the State

should not immediately be granted the relief it has requested because an issue has been raised on

2

which the Court wishes additional legal argument or presentation of facts, the Court shall dismiss the Order to Show Cause and order any such pleadings or hearings as the Court deems appropriate, including the appointment of one or more receivers to hold the assets at issue. The case shall be placed upon the Court's regular docket.

6.     The warden of the correctional facility or any subsequent correctional facility to which Defendant is transferred is ordered to place a hold (freeze) on his prison account, **except that he may use up to $25.00 per month for purchase of personal items, pending further Order of this Court.**

7.     Defendant Edward Jones is appointed receiver and it is ordered to place a hold (freeze) over the IRA account belonging to Defendant Tod Houthoofd's, Account No. XXXXXX23-1-9. Receivership is for the sole purpose of placing a hold (freeze) over all monetary assets pending further Order of this Court.

8.     Defendant Tod Houthoofd is ordered to provide a full and complete accounting of all of Defendant's assets, including financial account locations, balances, account numbers, addresses, legal descriptions and valuations of any real estate holdings as required by MCL 800.403a.

9.     This Order shall take precedence over any other order or statutory direction for disbursement of this inmate's asset.

Date: January 23, 2014

Darnell Jackson
(P34737)
Hon.
Saginaw County Circuit Court Judge

3

## AFFIDAVIT

STATE OF MICHIGAN)
                                    ) ss
COUNTY OF WAYNE)

     Moe Freedman, being duly sworn, deposes and says that the foregoing is true to the best of his knowledge, information and belief.


                            Moe Freedman (P63153)
                            Assistant Attorney General

Subscribed and sworn to before
me on January 9, 2014.

Gabrielle A. Zoldos, Notary Public
Oakland County, Michigan acting in Wayne County, Michigan
My commission expires: 7/14/2018

5

**EXHIBIT (2)**

STATE OF MICHIGAN
CIRCUIT COURT FOR THE 10th CIRCUIT
SAGINAW COUNTY

STATE TREASURER,

        Plaintiff,

v

TOD HOUTHOOFD #596112, and
EDWARD JONES,

        Defendants.

_____/

Case No. 14-021865-CZ

Hon. DARNELL JACKSON

**FINAL ORDER**

Moe Freedman (P74224)
Assistant Attorney General
Cadillac Place
3030 W. Grand Blvd., Ste. 10-200
Detroit, MI 48202
(313) 456-0140
(313) 456-0141-Fax
Attorney for Plaintiff

Edward Jones
Defendant
Attn: Court Order Team, 6th Floor
130 Edward Jones Blvd
Maryland Heights, MO
(800) 222-5852
(816) 218-2201 -Fax

Tod Houthoofd #596112
Thumb Correctional Facility
3225 John Conley Drive
Lapeer, MI 48446
Defendant – In Pro Per

*A TRUE COPY*
*Susan Kaltenbach, Clerk*

**FINAL ORDER**

EXHIBIT (3)

At a session of said court, held in the
City of Saginaw , Saginaw County, Michigan
on _____ *May   12* _____2015

PRESENT: _____~~nell Jackson~~_____
                      ~~34737~~
                  Circuit Court Judge

This matter having come before the Court on a Complaint and Order to Show

Cause why an Order should not be entered appropriating and applying Defendant

Tod Houthoofd's assets to reimburse the State for the cost of his incarceration in a

state correctional facility in accordance with the State Correctional Facility

Reimbursement Act ("SCFRA"), MCL 800.401, *et seq.*, and Defendant having been

served more than 30-days prior to the hearing date, and the Court having been

otherwise fully advised:

**IT IS HELD THAT:**

A.      Defendant Tod Houthoofd (Defendant) is a prisoner at a state

correctional facility and has been assigned prisoner number 596112.

B.      Defendant is subject to the continuing jurisdiction of the Michigan

Department of Corrections, having been sentenced to its jurisdiction on September

27, 2012 by a Saginaw County Circuit Court Judge.

C.      Defendant has assets that meet the definition set forth in MCL

800.401a(a). Specifically, Defendant has an Individual Retirement Account with

Defendant Edward Jones Account No. xxxxxx23-1-9, SS No. 9361.

D.     Pursuant to MCL 800.403(3), the State Treasurer is entitled up to 90% of the Defendant's share of the subject assets for partial reimbursement of Defendant's cost of care.

E.     Defendant's assets do not exceed his cost of care of $1,279,450 to his minimum release date of June 27, 2044.

**IT IS ORDERED THAT:**

1.     Defendant Edward Jones remit 90% of the value of the of the IRA to the **"State of Michigan"** and mail the payment to: Moe Freedman, Assistant Attorney General, Department of Attorney General, Cadillac Place, 3030 W. Grand Blvd., Suite 10-200, Detroit, MI 48202.

2.     After disbursement in accordance with paragraph 1 of this Order, Edward Jones is released as a receiver, and may release the remaining balances.

3.     The Warden of the prison where Defendant is incarcerated is released as receiver over Defendant's prison account.

This is a Final Order and Resolves the last Pending Claim in this case.

Darnell Jackson
F34737

_____5/12/14_____          _____
Date                                        Honorable Darnell Jackson

3

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR SAGINAW COUNTY

CASE NO. 14-021865-CZ
STATE TREASURER

vs

TOD HOUTHOOFD                    et al

FILED
SAGINAW COUNTY, MICH

2014 APR 16  P 3: 32

SCHEDULING ORDER

N KALTENBACH
COUNTY CLERK

At a session of this Court held in the City and County of Saginaw, State of Michigan, this
____ of April ____ 2014

DEPUTY CLERK_____

PRESENT:          Honorable DARNELL JACKSON, Circuit Judge.

### DISCOVERY, AMENDMENTS, WITNESSES

IT IS ORDERED that discovery shall be completed by the parties no later than 120 days from entry of this order.

IT IS FURTHER ORDERED that any additional discovery may be completed by mutual consent of the parties or by further written order of this Court so long as said extended discovery does not cause delay in the regularly scheduled case evaluation/trial of this cause; and

IT IS FURTHER ORDERED that all amendments to pleadings, adding of parties, and motions based upon the pleadings shall be brought on for hearing no later than fourteen (14) days after the discovery deadline: and

IT IS FURTHER ORDERED that hearings on motions noticed for the Court's motion day will be limited to fifteen minutes (15); longer motion hearings will be scheduled by contacting the assigned Judge's secretary.

IT IS FURTHER ORDERED that the parties exchange all known witnesses and their addresses that they intend to call at trial within twenty-one (21) days from the date of this order; and

IT IS FURTHER ORDERED that the names and addresses of any witnesses discovered after the aforesaid twenty-one (21) days shall be divulged to opposing counsel within fourteen (14) days of their discovery; and

IT IS FURTHER ORDERED that Plaintiff is to furnish the names and addresses of any expert witnesses to opposing counsel within twenty-one (21) days of the date of this order, and Defendants are to furnish the names and addresses of any expert witnesses to opposing counsel within fifty-six (56) days; and

IT IS FURTHER ORDERED that each party be limited to twenty (20) lay witnesses and three (3) expert witnesses per party. Additional witnesses may be added by order of the Court.

IT IS FURTHER ORDERED that a description of all known physical evidence intended to be introduced at trial be furnished to opposing counsel within forty-two (42) days of the date of this order, and

IT IS FURTHER ORDERED that a description of any physical evidence discovered after the abovesaid deadlines shall be furnished to opposing counsel within seven (7) days of its discovery, and opposing counsel shall have twenty-eight (28) days from receipt of said notice to examine said newly discovered evidence, and

IT IS FURTHER ORDERED that Defendant has reserved the right to an independant medical examination of Plaintiff which shall be scheduled so as not to interfere with the regularly scheduled trial of this cause; and

**EXHIBIT (4)**

## CASE EVALUATION, TRIAL

IT IS FURTHER ORDERED that this is a non-jury trial, and the jury fee has not been paid. Case evaluation is _ _ _ _ _ _ _ _ ordered in this case. Case evaluation, if ordered shall be scheduled after the expiration of the discovery.

IT IS FURTHER ORDERED that motions in limine and any evidentiary problems likely to arise at trial shall be brought on and heard no later than two (2) weeks prior to trial.

## JURY INSTRUCTIONS

IT IS FURTHER ORDERED that liability and/or damage instructions not covered by the Standard Jury Instructions shall be submitted to the Court no later than two (2) weeks prior to trial along with a memorandum citing relevant case law and/or statutes supporting the proposed jury instruction.

IT IS FURTHER ORDERED that on the morning of the first day of trial, the parties shall submit to the Court the Standard Jury Instructions they are requesting by number.

IT IS FURTHER ORDERED that on the morning of the first day of trial, the parties shall submit to the Court an agreed opening paragraph to be read by the Court to the jury setting forth the nature of the case and the issues to be tried.

## DEPOSITIONS, SUMMARY DISPOSITION MOTIONS

IT IS FURTHER ORDERED that any objections to depositions or portions thereof to be used at the trial on which the parties cannot agree shall be submitted to the Court for rulings no later than two (2) weeks prior to trial, or shall be considered waived

IT IS FURTHER ORDERED that summary disposition motions shall be brought for HEARING before the Court not later than sixty (60) days prior to trial.

IT IS FURTHER ORDERED THAT FAILURE TO COMPLY WITH THIS PRETRIAL ORDER WILL RESULT IN THE DENIAL OF ALL UNTIMELY MOTIONS.

DATED: 4-16-14

_____
DARNELL JACKSON

## CERTIFICATE OF MAILING
I ATTEST THAT A TRUE COPY OF THIS ORDER WAS SENT TO THE PLAINTIFF HEREIN AT THE ADDRESS SHOWN ABOVE BY REGULAR MAIL.

_____ AT
DEPUTY COURT CLERK   Susan Y.

_____ 4/17/14 _____
DATE

MICHIGAN DEPARTMENT OF CORRECTIONS
DISBURSEMENT AUTHORIZATION (EXPEDITED LEGAL MAIL - PRISONER)

4835-3318
CSJ-318   05/02

Please PRINT clearly illegible and/or incomplete forms will not be processed.

Lock: _BB65_

Institution: _TCF_

Prisoner Number: _596112_

Prisoner Name (Print Clearly): _Heathcofd_

☒ Legal Postage      ☐ Filing Fee  $ _____      ☐ Certified Mail (Must Be a Court Ordered Requirement)

☐ New Case      ☐ Case Number  _14-021865-CZ_

Pay To: _US Mail_

Mailing Address: _Moshe Freedman_
_Cadillac Place  Suite 10-200_
_3030 W. Grand Boulevard_
_Detroit, Mi. 48202_      _Witness List ordered_

**The following section must be completed in Authorizing Staff Member's presence.**

Prisoner Signature: _Tod Heathcofd_      Date & Time Submitted: _May 1, 2014  8:32_

Received By (Print Name & Title): _Y. STRANGE, AMS_      Staff Signature: _Y. Strange_

Date & Time Received by Authorizing Staff: _5-1-14  08:32_

**Authorization Denied:**

☐ Does not meet definition of legal mail or court filing fee as identified in CFA OP 05.03.118.

☐ Not hand delivered to authorizing staff member.      ☐ New case or case number not on form.

☐ Does not include court order for handling as certified mail.      ☐ Other _____

☐ Prisoner refused to sign & date in staff member's presence.      _____

**Section below to be completed by Mail Room Staff**      _1202_

Placed in Mail by (Print Name & Title): _T BATES  GOA_      Signature: _T Bates_

Postage Amount: $ _.69_      Date & Time placed in outgoing Mail: _5-1-14_      _1340 hv_

**Only Business Office Staff are to Write in the Section Below**

| Obligation Amount | Actual Expense | | |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

**PAI...**

☐ Court filing Fee Denied due to NSF.

MAY 06 2014

Date Posted: _____

Date & Time Copy Sent to Prisoner: _5-8-14_

Processed By (Print Name & Title): _J Bryant_      Signature: _JB_

**EXHIBIT (5)**      White - Prisoner Accounting      Canary - Prisoner      Pink - Counselor's File      Goldenrod - Prisoner

MICHIGAN DEPARTMENT OF CORRECTIONS

**DISBURSEMENT AUTHORIZATION (EXPEDITED LEGAL MAIL - PRISONER)**

4835-3318
CSJ-318   05/02

Please PRINT clearly illegible and/or incomplete forms will not be processed.

BB65    Lock      TCF    Institution

596112    Prisoner Number      Houthoofd    Prisoner Name (Print Clearly)

☒ Legal Postage    ☐ Filing Fee $ _____    ☐ Certified Mail (Must Be a Court Ordered Requirement)

☐ New Case    ☐ Case Number   14-021865-CZ

Pay To:   US Mail

Mailing Address:   Edward Jones
     12555 Manchester Rd.
     Saint Louis, Mo, 63131
     Witness list ordered in Civil Case.

**The following section must be completed in Authorizing Staff Member's presence.**

Prisoner Signature: _Tod Houthoofd_    Date & Time Submitted: May 1, 2014   8:31

Received By (Print Name & Title): Y. STRANGE, ARUS    Staff Signature: Y. Str___

Date & Time Received by Authorizing Staff: 5-1-14   0830

**Authorization Denied:**

☐ Does not meet definition of legal mail or court filing fee as identified in CFA OP 05.03.118.

☐ Not hand delivered to authorizing staff member.    ☐ New case or case number not on form.

☐ Does not include court order for handling as certified mail.    ☐ Other

☐ Prisoner refused to sign & date in staff member's presence.    _____

**Section below to be completed by Mail Room Staff**    1,202

Placed in Mail by (Print Name & Title): T BATES   GOA    Signature: T Bates

Postage Amount: $ .69    Date & Time placed in outgoing Mail: 5-1-14   1340 hv

**Only Business Office Staff are to Write in the Section Below**

| Obligation Amount | | Actual Expense | |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

**PAID**

☐ Court filing Fee Denied due to NSF.

MAY 0 6 2014

Date Posted: _____

Date & Time Copy Sent to Prisoner: 5-3-14 4:30

Processed By (Print Name & Title): _____    Signature: _____

**EXHIBIT (6)**

White - Prisoner Accounting    Canary - Prisoner    Pink - Counselor's File    Goldenrod - Prisoner

MICHIGAN DEPARTMENT OF CORRECTIONS
**DISBURSEMENT AUTHORIZATION (EXPEDITED LEGAL MAIL - PRISONER)**

4835-3318
CSJ-318   05/02

**Please PRINT clearly illegible and/or incomplete forms will not be processed.**

Lock: _BB65_

Institution: _TCF_

Prisoner Number: _596112_

Prisoner Name (Print Clearly): _Houthoofd_

☒ Legal Postage     ☐ Filing Fee  $ _____     ☐ Certified Mail (Must Be a Court Ordered Requirement)

☐ New Case     ☐ Case Number  _14-021865-CZ_

Pay To: _US Mail_

Mailing Address: _Hon Judge Darnell Jackson_
_111 S. Michigan Ave_
_Saginaw, Mi. 48602_
_Witness list ordered in Civil Case 14-021865-CZ_

**The following section must be completed in Authorizing Staff Member's presence.**

Prisoner Signature: _Fred Houthoofd_     Date & Time Submitted: _May 1, 2014  8:30_

Received By (Print Name & Title): _Y. STRANGE, ARUS_     Staff Signature: _Y Strange_

Date & Time Received by Authorizing Staff: _5-1-14  08:30_

**Authorization Denied:**

☐ Does not meet definition of legal mail or court filing fee as identified in CFA OP 05.03.118.

☐ Not hand delivered to authorizing staff member.          ☐ New case or case number not on form.

☐ Does not include court order for handling as certified mail.          ☐ Other _____

☐ Prisoner refused to sign & date in staff member's presence.     _____

**Section below to be completed by Mail Room Staff**     _1.202_

Placed in Mail by (Print Name & Title): _T BATES GOA_     Signature: _T Bates_

Postage Amount: $ _.69-.48  .21_     Date & Time placed in outgoing Mail: _5-1-14  1340 hv_

**Only Business Office Staff are to Write in the Section Below**

| Obligation Amount | Actual Expense |   |
|---|---|---|
|   |   |   |
|   |   |   |
|   |   |   |

☐ Court filing Fee Denied due to NSF.

**PAID**

MAY 0 6 2014

Date Posted: _____

Date & Time Copy Sent to Prisoner: _5-8-14 4:30_

Processed By (Print Name & Title): _____     Signature: _____

White - Prisoner Accounting     Canary - Prisoner     Pink - Counselor's File     Goldenrod - Prisoner

**EXHIBIT (7)**

STATE OF MICHIGAN
IN THE MICHIGAN 10TH JUDICIAL CIRCUIT

STATE TREASURER,                        CASE NO. 14-021865-CZ5
  Plaintiff
                                        HON. DARNELL JACKSON
vs

TOD HOUTHOOFD #596112,
EDWARD JONES (RECEIVER)
  Defendants
_____/

## SCHEDULING

Now comes, Defendant TOD HOUTHOOFD, in pro per and forma
pauperis, in response to the SCHEDULING ORDER or 04-16-14, issued
by Judge Darnell Jackson. In response he states:

## DISCOVERY, AMENDMENTS, WITNESSES

(1) Defendant does not require DISCOVERY.

(2) Defendant does not require AMENDMENTS.

(3) Defendant's WITNESSES are the people involved in Plaintiff's
pleadings, the judges and personnel of the 10TH Judicial Circuit,
Attorney James F. Piazza (P30172) and representives from Fidelity
and Morgan Stanley and the UAW Benefits Representative,
International Union Solidarity House, Detroit, MI.

(4) ISSUE I and ISSUE II, provided in DEFENDANT'S ANSWER TO
COMPLAINT mailed 02-28-2014, to the 10TH Judicial Circuit, form
the total basis of the defense.

  (a) The account was established as an ERISA protected account.

  (b) The pleadings filed by A.A.G. Freedman (P74224) or (P63153)
  requested ultra vires orders from the 10TH Judicial Circuit by
  filing MOTION FOR ORDER TO SHOW CAUSE AND EX PARTE ORDER
  APPOINTING RECEIVER AND FREEZING ASSETS.

  (c) Judge Darnell Jackson of the 10TH Judicial Circuit (while

**EXHIBIT (8)**

presumed to be disqualified) held an ex parte hearing and issued an ultra vires order.

(4) The ORDER TO SHOW CAUSE AND EX PARTE ORDER APPOINTING RECEIVER AND FREEZING ASSETS placed an illegal and unconstitutional burden of proof on the Defendant that is different in wording, content and burden of proof from the "TRUE COPY" placed in the 10TH Judicial Circuit case files and mailed to co-defendant (RECEIVER) Edward Jones.

(5) The issues in question are whether:

(a) Michigan's "One Court of Justice" can exist when NOTARY PUBLICS violate their oaths.

(b) Assistant Attorney Generals are permitted to identify themselves by a different state bar number to seize property.

(c) Circuit Courts can issue ORDERS and seize assets while issuing ORDERS that are different in wording, content and burden of proof from the documents retained in the court files.

(6) The questions to be submitted to Judge Darnell Jackson have already been submitted in a Connected Case: 10TH Judicial Circuit Case No. 05-025865-FC. Similar types of questions will be submitted for each of the State witnesses.

(7) By Judge Darnell Jackson's SHOW CAUSE AND EX PARTE ORDER APPOINTING RECEIVER AND FREEZING ASSETS of 01-23-2014, Defendant is financially estopped from payment of any subpeona fees. Defendant hereby requests this Honorable Court to subpeona "all of the listed witnesses".

## CASE EVALUATION TRIAL

(8) By Judge Darnell Jackson's SHOW CAUSE AND EX PARTE ORDER